MARY L. RYAN, Appellant, *v.* JOHN H. EDWARDS, as Receiver of NEW AMSTERDAM NATIONAL BANK, Respondent.

*Ryan* v. *Edwards*, 147 App. Div. 711, affirmed.
(Argued March 10, 1913; decided March 25, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 1, 1911, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial in an action to obtain the cancellation of two assignments of mortgages given by plaintiff to the New Amsterdam Bank as security for debts of a third party to said bank.

*Irving G. Vann* and *James F. Donnelly* for appellant.

*Herman Aaron* for respondent.

Order affirmed and judgment absolute ordered in favor of defendant on the stipulation, with costs in all courts; no opinion.

Concur: GRAY, WERNER, HISCOCK and CUDDEBACK, JJ.

CULLEN, Ch. J., and COLLIN, J. (dissenting). We concede that if this litigation presented merely a case where the defendant's predecessor was charged with misconduct as to the collateral, the plaintiff could be relieved only on proving that she had been damaged by such misconduct and only to the extent of such damage. But that is not the question in this case. The plaintiff made a present transfer of her bonds and mortgages to the bank, defendant's predecessor, to take effect in the future only upon the performance of a condition, to wit, that the bank should have exhausted the other collateral it held for the debt as well as the assets of the copartnership debtors and the assets of the party who was to continue the business.

This was a condition precedent to any title vesting in the bank.  The bank has failed to comply with that condition, though expressly notified by the plaintiff so to do, and, therefore, has acquired no title under the assignment. There is nothing anomalous about such a transfer.  By the statute the same estates (with a single exception) may be created in personal property as in real property. (Real Property Law, § 11.). Every text book on real estate recognizes that a grant may be made contingent on the performance by the grantee of some condition, and that if he fails to perform the condition no title vests.

MILLER, J., not sitting.